MARINO, APPELLANT, *v.* REIDEL, APPELLEE.

(No. 7696—Decided April 13, 1953.)

*Messrs. Bradley, Foiles & Seasman,* for appellant.
*Mr. Maurice W. Jacobs* and *Mr. Carl W. Frey,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Municipal Court of Cincinnati in favor of defendant on his cross-petition and against plaintiff, appellant herein, on his petition.

The plaintiff predicated his right to recover principally upon a written contract. The defendant claimed this contract was subject to amplification, interpretation, and explanation.

The effect of the parol evidence admitted is to materially change the whole picture as far as the purchase price is concerned.

The contract provided for payment of a price of $750 for fixtures listed in detail and $4,100 for various items of merchandise in a store owned by plaintiff and sold to defendant.

The claim of the defendant is that, prior to executing the contract, it was orally agreed that the inventory price was tentative and that if the defendant, upon examination of the stock, found the inventory out of line, it would be corrected by plaintiff and adjustment made of price of merchandise.

It is the claim of the defendant that the inventory, instead of showing $4,100, showed a value of only $3,009.83.

It is the conclusion of the court that the value of the fixtures and the merchandise in the store were agreed upon in writing, and that the trial court erred in permitting the introduction of parol evidence to vary the definite terms of the contract, especially since such evidence related to conversations occurring prior to the execution of the contract in which such matters were integrated.

As to the sale price—the agreed price was $4,850, of which the defendant paid $2,800 in cash, and gave a note for $200. The balance of $1,850 was to be taken out in trade by the plaintiff.

In the contract, it is provided "balance of $1,850 (eighteen hundred and fifty dollars) to be taken out in purchases from the store in paints and wallpapers. When the above amount of $1,850 has been taken out in trade, the complete agreed purchase price will be paid in full. The $1,850 will carry 6 per cent interest per annum on the unpaid balance each month."

Again, in the agreement it is provided:

"(B) The balance of eighteen hundred and fifty

($1,850) dollars to be credited against purchases of merchandise which Anthony Marino agrees to make from time to time from the said R. G. Reidel in amounts of approximately one hundred ($100) dollars per month. Anthony Marino's account for purchases made shall be charged by the said R. G. Reidel at prevailing painters prices. Interest at six (6%) per cent per annum shall be payable on the unpaid balance until credit in the entire amount of eighteen hundred and fifty ($1,850) dollars shall have been given to Anthony Marino in the manner as herein provided.''

There is a conflict in the evidence as to whether such ''painters prices'' was wholesale price plus 10 per cent or retail price less 10 per cent, and the evidence is in conflict as to the quantity and quality of merchandise taken by the plaintiff.

There is also some dispute as to the amount to be credited on the note of $200, executed by the defendant.

For these reasons, the judgment of the trial court is reversed, and, as the evidence is conclusive that as a matter of law the parties had a specific contract covering the value of fixtures and merchandise, and as the evidence is also conclusive on the payment of $2,800 and the giving of a note for $200, the only matters open which the court cannot here determine are the quantity and value of the merchandise taken out by the plaintiff (which, in view of the language of the contract, ''painters prices'' will require evidence to identify), the amount of interest due upon the balance, and what credit defendant is entitled to on the $200 note. The cause is remanded to the trial court, solely for such determination.

*Judgment reversed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.